ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN - 6 2008
CLERK, U.S. DISTRICT COURT
By _____ Deputy

**KEDEST EMMANUEL,**
Plaintiff,

V.

**COGNIZANT TECHNOLOGY
SOLUTIONS U.S. CORPORATION and
COGNIZANT TECHNOLOGY
SOLUTIONS CORPORATION,**
Defendants.

CIVIL ACTION NO.

**3-08CV0955-B**

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff, **KEDEST EMMANUEL,** respectfully presents this Original Complaint against Cognizant Technology Solutions U.S. Corporation and Cognizant Technology Solutions Corporation, Defendants, and would show the Court as follows:

I.
PARTIES

1. Plaintiff Kedest Emmanuel is a U.S. resident born in Ethiopia, and she resides in Dallas, Texas.

2. Defendant Cognizant Technology Solutions U.S. Corporation is a Delaware corporation and employer which does business in Dallas, Dallas County, Texas. Defendant Cognizant Technology Solutions U.S. Corporation may be served with summons and complaint through its registered agent, CT Corporation System, 350 N. St. Paul, Dallas, Texas 75201. Defendant Cognizant Technology Solutions Corporation is

the parent company of and centralized human resource function for Cognizant Technology Solutions U.S. Corporation and is a Delaware corporation which has done business in Texas and may be served with summons and complaint through its President and CEO, Francisco D. Souza, Cognizant Technology Solutions Corporation, Glenpointe Centre West, 500 Frank W. Burr Blvd., Teaneck, New Jersey 07666. Defendants are collectively referred to as "Cognizant" herein.

## II.
## NATURE OF ACTION, VENUE, AND JURISDICTION

3. This is an action for actual, liquidated and punitive damages and other legal and equitable relief to secure the rights and redress the injuries of the Plaintiff under the laws of the United States of America and State of Texas based on the actions of the Defendants in committing the unlawful acts of race, color and national origin discrimination and retaliation in violation of the Civil Rights Act, 42 U.S.C. section 1981 and/or Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. section 2000e *et seq.* and sections 21.051 and 21.055 of the Texas Labor Code; disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. section 12101 *et seq.* and sections 21.051 and 21.055 of the Texas Labor Code; discrimination and retaliation actionable under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. section 2614 *et seq.* as well as fraud, fraudulent inducement, equitable estoppel, invasion of privacy, breach of contract, unpaid compensation and/or retaliatory discharge for refusal to perform an illegal act actionable under ***Sabine Pilot Service, Inc. v. Hauck,*** 687 S.W.2d 733, 735 (Tex. 1985).

4. This Court has federal question jurisdiction under 28 U.S.C. section 1331, and venue is proper under 28 U.S.C. section 1391 as the unlawful acts complained of

occurred in whole or in part in Dallas, Dallas County, Texas. Plaintiff has satisfied certain administrative prerequisites to bring certain claims herein, as evidenced by the attached Exhibit "A," true and correct copy of a Charge of Discrimination filed on May 21, 2008 with the U.S. Equal Employment Opportunity Commission and Texas Workforce Commission, Civil Rights Division, upon which a notice of suit rights has been issued. Defendants employed and/or had substantial input into adverse employment decisions regarding Plaintiff.

### III.
### FACTS

5. Ms. Emmanuel, a U.S. resident who was born in Ethiopia, Africa, was induced to leave her prior employment in June 2007 to join Cognizant Technology Solutions U.S. Corporation in Dallas, Texas as a Senior Business Consultant although she was not titled or recognized with that senior position for which she was hired but rather mapped one level down during her employment with Cognizant. In November 2007 Ms. Emmanuel, who speaks with an accent, began reporting to Account Manager Cathrine Jooste (who is a Caucasian from South Africa stationed in Chicago) as Environment Management Lead on the Performance Data Architect project for AT&T. Ms. Jooste imposed on Ms Emmanuel an additional role and responsibilities as Interim Project Manager, which was meant to be a temporary role until Ms. Jooste found a permanent Project Manager ("PM"). However, Ms Jooste never effectively released Ms Emmanuel from the Project Management role, which was quite an overload for Ms. Emmanuel when compared to the tasks assigned to her peers and even though Ms. Jooste found a Project Manager who joined the project in December 2007. Ms. Jooste demanded that Ms. Emmanuel carry out most of the Project Management related work as well as continue to

assist the PM with all other PM related tasks besides her own role and responsibility as Environment Management Lead. Ms. Jooste continued to pose unnecessary pressure requiring Ms Emmanuel to assist and/or perform additional tasks originally assigned to her peers. In addition to the disproportionate workload, Ms. Jooste singled out Ms. Emmanuel and treated Ms Emmanuel very rudely, unfairly, and unprofessionally, raising her voice, and repeatedly belittling and humiliating Ms. Emmanuel in meetings in front of her peers. Ms. Jooste complained about Ms. Emmanuel's accent although she used proper English and occasionally made unpleasant remarks about Ms Emmanuel's appearance related to her attire although her attire was entirely professional.

6. During this time Ms. Emmanuel also opposed unethical and illegal conduct of Ms. Jooste and her spouse, Alan Chin, Cognizant Contractor, to misrepresent herself as a client employee while working with client colleagues and to gain access to the client's computer system to perform unauthorized tasks when Ms. Emmanuel was merely a contractor for the client. Ms. Emmanuel also feared this requested activity could have subjected Ms. Emmanuel to criminal prosecution and violate the Cognizant Code of Business Conduct and Ethics.

7. In turn, Ms. Jooste retaliated against Ms. Emmanuel for her opposition to participate in rather unethical conduct for fear of breach of contract with the client and/or criminal acts and breach of the Cognizant Code of Business Conduct and Ethics. Ms. Jooste continued perpetuating a hostile work environment, harassing and condemning Ms. Emmanuel of being stupid and falsely accusing her for not performing tasks that were assigned to her, and treating her less favorably than her peers. Ms. Jooste often required Ms. Emmanuel to travel whereas she more frequently approved remote work for

her peers. On the few occasions Ms. Jooste did allow Ms. Emmanuel to work remotely, Ms. Jooste required doctors' notes whereas she did not require doctors' notes from other similarly situated employees.

8. In light of said events Ms Emmanuel reached out to her Career Counselor, Michael Golden, Client Partner at Cognizant, for advice related to Ms. Jooste's intolerable behavior creating a hostile work environment altering the terms and conditions of her employment and affecting her performance and to seek direction in how to approach the legal department at Cognizant. In reply Mr. Golden sidestepped Ms. Emmanuel's plea for assistance and invited Jessica Casey Seigle, Talent Manager— Human Resources ("HR"), to respond to Ms Emmanuel's inquiries. However, Ms. Seigle interrogated Ms. Emmanuel and falsely represented herself as the company's legal representative. Ms. Emmanuel insisted on talking to someone in the legal department knowing that Ms. Seigle was only a Talent Manager in HR. Ms. Seigle denied Ms Emmanuel her right as an employee right to talk to Cognizant's legal department falsely stating that there was neither a legal department nor an ombudsman, other than HR personnel such as herself, to advise Ms. Emmanuel with such legal matters.

9. Ms. Seigle collaborated with Ms. Jooste after notifying Ms. Jooste of Ms. Emmanuel's discrimination complaint to HR to respond and retaliate by putting Ms. Emmanuel on an unfounded and retaliatory Performance Improvement Plan in January 2008, which plan contributed to less favorable reviews of Ms. Emmanuel's performance therefore adversely affecting her professional reputation, raise, and promotions accordingly. Thus, Ms. Seigle had a major contribution and played a major role in ruining Ms. Emmanuel's work reputation throughout the company posing unnecessary

investigation, misrepresenting herself, interfering and miscommunicating information related to Ms. Emmanuel's FMLA/short-term disability process, and finally orchestrating Ms. Emmanuel's termination.

10. As was solicited by and disclosed in writing on Cognizant's FMLA form to Sandra Zorneck, Manager of Cognizant's Benefit Department (rather than the disability carrier MetLife), Ms. Emmanuel was diagnosed during her Cognizant employment with major depression and general anxiety disorders, serious health conditions qualifying, documented and/or regarded as a disabilities under the Americans with Disabilities Act ("ADA"), 42 U.S.C. section 12101 *et seq.* and section 21.051 of the Texas Labor Code as well as a serious health condition under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. section 2614 *et seq.* This information was disclosed on Cognizant's FMLA form in writing on February 15, 2008 by Conrad Hamric, Ms. Emmanuel's psychotherapist, to Sandra Zorneck, Manager of Cognizant's Benefit Department. Ms. Zorneck provided a form along with a fax number to both Ms. Emmanuel and her psychotherapist requesting information related to Ms. Emmanuel's diagnosis and treatment plan, representing the requested information as necessary for Cognizant Benefit Department to process Ms. Emmanuel's FMLA and short-term disability leave, although the short-term disability claim was being independently handled by the disability carrier MetLife, but not Cognizant. Under the ADA, an employer must attempt to reasonably accommodate a known disability. 42 U.S.C. section 12112(b)(5)(A). Reasonable accommodation may include job restructuring, part-time or modified work schedules, reassignment to a vacant position or other similar accommodations for individuals with disabilities. 42 U.S.C. section 12111(9). Cognizant never offered Ms. Emmanuel any

accommodation, and Ms. Jooste was aware of Ms. Emmanuel's FMLA/short-term disability application and attempts to return to work off the bench.

11. Despite the company's knowledge of her serious health condition and disabilities, Cognizant did nothing to accommodate Ms. Emmanuel but rather swiftly moved to orchestrate her termination, as the company did not even follow its own Corporate Deployment Pool policy with respect to Ms. Emmanuel. When Ms. Emmanuel found a project while on the bench during the two-week period from January 21st, 2008 through February 5th, 2008, **the company refused to release her to work on said project and failed to confirm her release, thus denying her the opportunity to return back to work after her unlawful treatment by Ms. Jooste.** Ms. Emmanuel had requested but never received a bench code, and while she was on the bench for two weeks prior to her leave on STD, she was not given a bench code to accurately charge time. **Ms. Emmanuel still had at least two more weeks on the bench upon being released from FMLA/short-term disability when she was terminated while still on FMLA/short-term disability and had job protected status under the FMLA. Ms. Emmanuel was not paid her full notice pay or given opportunity to look for other work but rather blocked from an opportunity to continue her employment with Cognizant. The company had an affirmative obligation under the ADA and FMLA to support Ms. Emmanuel in her attempts to find work off the bench and assist her in finding other projects but made no effort to do so, but instead prematurely processed and finalized her termination while still on short-term disability leave and job protected status under the FMLA.**

12. Cognizant has unlawfully terminated Ms. Emmanuel's employment and retaliated against Ms. Emmanuel's complaints to HR and opposition to unlawful practices, treating her unequally to other employees, violating her right to privacy and denying her right as an employee for proper performance review and proper pay. Ms. Emmanuel is still owed two weeks pay and seven days vacation as she had two more weeks on the bench to be able to look for other work not to mention her remaining time for job protected status under the FMLA under which Cognizant processed her leave. She was also subject to additional taxes as a purported St. Louis, Missouri employee when she never worked or lived in Missouri, and she never received proper reimbursement or a corrected 2007 W-2 regarding removal of the excessive Missouri taxes withheld. Ms. Emmanuel was not paid the full COLA bonus for a Texas employee and was denied promotion and raises as well as the status and pay for the position for which she was hired as a Senior Business Consultant.

## IV.
## CAUSES OF ACTION

13. Plaintiff incorporates the foregoing and succeeding paragraphs by reference herein. Defendants are liable for the acts of their supervisors and employees and the damages suffered by Plaintiff under principles of respondent superior and agency, and by virtue of the acts and conduct of Defendants the unlawful acts of race, color and national origin discrimination and retaliation in violation of the Civil Rights Act, 42 U.S.C. section 1981 and/or Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. section 2000e *et seq.* and sections 21.051 and 21.055 of the Texas Labor Code; disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. section 12101 *et seq.* and sections 21.051 and 21.055 of the Texas

Labor Code; discrimination and retaliation actionable under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. section 2614 *et seq.* as well as fraud, fraudulent inducement, equitable estoppel, invasion of privacy, breach of contract, unpaid compensation and/or retaliatory discharge for refusal to perform an illegal act actionable under *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985).

14. Plaintiff incorporates the foregoing paragraphs by reference herein. Under the FMLA (under which Defendants are equitably estopped to deny its application as they voluntarily processed FMLA leave paperwork on Plaintiff's behalf upon which she relied), Ms. Emmanuel was entitled to take up to 12 weeks of leave in a 12-month period for a serious health condition, the right to maintenance of health benefits while on leave, and the right to be restored to the same or equivalent position upon returning from leave. *See* 29 U.S.C. section 2614(a)(1)(A)-(B) & (3). Even if an employee is not technically an "eligible employee" to take leave under the FMLA, the employee will be deemed eligible for FMLA leave if 1) the employer does not notify the employee of the employee's eligibility at the time leave is requested, or 2) where the employee provides less than two days' notice of the need for leave, the employer does not notify the employee of his or her ineligibility within two business days of receiving such notice. *See* 29 C.F.R. section 825.110(d). It is unlawful for an employer "to interfere with, restrain or deny the exercise of or the attempt to exercise, any right provided under this subchapter," and "to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. section 2615(a)(1) & (2).

15. Plaintiff incorporates the foregoing paragraphs by reference herein. Ms. Emmanuel was entitled on return from FMLA leave to be restored to the position of

employment she held when the leave commenced or to an equivalent position with equivalent employment benefits, pay and other terms and conditions of employment. 29 U.S.C. section 2614(a). An equivalent position is one that is virtually identical to Ms. Emmanuel's last position held in terms of pay, benefits and working conditions, including privileges, perquisites and status. It must involve the same or substantially similar duties and responsibilities, which must entail substantially equivalent skill, effort, responsibility and authority. If Defendants now deny Plaintiff had FMLA coverage, they are equitably stopped from doing so and it begs the question why they under the pretense of an FMLA application directly solicited Plaintiff's private medical information.

16. Plaintiff incorporates the foregoing paragraphs by reference herein. Plaintiff has suffered, is now suffering, and will continue to suffer mental and physical pain and anguish and lost income and benefits, and diminished earning capacity as a result of the Defendants' willful acts and practices, as set out herein, and is entitled to recover past and future damages, actual, liquidated and punitive, as provided by law, resulting from such acts. Plaintiff is also entitled to recover her reasonable attorney fees and taxable costs of court from Defendants.

## PRAYER

WHEREFORE, Plaintiff respectfully prays that Defendants be summoned to appear and answer, and that upon trial of this suit, Plaintiff have and recover the following from Defendants:

1. Compensatory damages for the intentional, malicious and/or recklessly indifferent discriminatory conduct of Defendants;

2. Damages for loss of past and future earnings and benefits;

3. Damages for physical injury, sickness, pain and suffering suffered and reasonably likely to occur in the future;

4. Damages for mental pain and anguish, and physical injuries caused by mental anguish, and past and future impairment of ability to enjoy life;

5. Punitive, exemplary and/or liquidated damages in an amount to be determined by the trier of fact;

6. Costs of court, including costs for expert witnesses;

7. Reasonable attorneys' fees, as provided by law;

8. Prejudgment and postjudgment interest as provided by law; and

9. Such other and further relief to which Plaintiff may show herself to be justly entitled.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

Dan A. Atkerson
Texas Bar No. 01400090

1025 Arches Park Drive
Allen, Texas 75013
Ph. (214) 383-3606
Fax (214) 383-3513

ATTORNEY FOR PLAINTIFF
KEDEST EMMANUEL

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 450-2008-02776 |

**Texas Workforce Commission Civil Rights Division** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Kedest W. Emmanuel | (972) 250-3557 | 05-17-1970 |

Street Address: 17817 Coit Road, Dallas, TX 75252

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| COGNIZANT TECHNOLOGY SOLUTIONS | 500+ | (214) 459-6900 |

Street Address: 222 W. Las Colinas Blvd., Irving, TX. 75039

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| COGNIZANT TECHNOLOGY SOLUTIONS | 500+ | (201) 801-0233 |

Street Address: 500 Glenpointe Center West, Teaneck, NJ 07666

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

☒ RACE  ☒ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 11-2007    Latest: 04-2008
☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I. PERSONAL HARM:
   A. Beginning on or about November 2007, I was continually subjected to disparate treatment in the terms and conditions of my employment because of my race, color, and national origin, Ethiopian. Such treatment included but is not limited to the following:

(1) While I was employed in the position of Environment Management Lead, Cathrine Jooste, Cognizant Account Manager imposed on me an additional role and responsibilities of Interim Project Manager, which was meant to be a temporary role until a permanent Project Manager was found. However, Ms. Jooste never released me from the Project Management role, which was quite an overload for me when compared to the tasks assigned to my peers and eventhough Ms. Jooste found a Project Manager who joined the project in December 2007, she demanded that I carry out most of the Project Management related work as well as continue to assist the Project Manager with all other Project Management related tasks besides my own role and responsibility as Environment Management Lead. Ms. Jooste continued to impose unnecessary pressure requiring me to assist and/or perform additional tasks originally assigned to my peers.

(Continued on Next Page)

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

05-21-08
Date / Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*
May 21, 2008    Melva J. Best

EXHIBIT "A"

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>450-2008-02776 |
|---|---|---|

Texas Workforce Commission Civil Rights Division _____ and EEOC
*State or local Agency, if any*

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

    (2) Ms. Jooste often required me to travel whereas she more frequently approved remote work for my peers. On the few occasions that Ms. Jooste did allow me to work remotely, she required doctors' notes from me whereas she did not require doctors' notes from other similarly situated employees.

B. I was repeatedly subjected to a hostile working environment because of my national origin in that Ms. Jooste continually harassed me and condemned me of being stupid and falsely accused me of not performing tasks that were assigned to me, and treating me less favorably than my peers. Ms. Jooste raised her voice at me and repeatedly belittled and humiliated me in meetings, unlike her more favorable treatment of others, in front of my peers. Ms. Jooste complained about my accent although I used proper English and Ms. Jooste occasionally made unpleasant remarks about my appearance related to my attire, although my attire was entirely professional.

C. Jessica Casey Seigle, Talent Manager collaborated with Ms. Jooste to unjustly place me on a Performance Improvement Plan in January 2008, in retaliation for my complaining to Human Resources that I was being discriminated against because of my national origin.

D. I was denied a reasonable accommodation for my disability when I found a project while on the bench during the period from January 21, 2008 through February 5, 2008. The company refused to release me to work on said project and failed to confirm my release, thus denying me the opportunity to return back to work after my unlawful treatment by Ms. Jooste.

E. On or about January 21, 2008, February 4, 2008, March 28, 2008, and April 4, 2008, I was given notices of termination of my employment by Jessica Casey Seigle, Talent Manager and Christina Murphy, Director – Human Resources NA. while I was still on short-term disability.

II. RESPONDENT'S REASON FOR ADVERSE ACTION:

No reason was given.

III. DISCRIMINATION STATEMENT:

I believe I have been discriminated against because of my race, Black, national origin, Ethiopian, my color, and my disability/ and or because the Respondent regarded me as having a disability, in violation of Title VII of the Civil Rights Act of 1964, as amended and Title I of the Americans With Disabilities Act of 1990. I also believe I was retaliated against for complaining about national discrimination and disability discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended and Title I of the Americans With Disabilities Act of 1990.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

05-21-08
Date     Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

May 21, 2008

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

3-08CV0955-B

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KEDEST EMMANUEL

**DEFENDANTS**
COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION and COGNIZANT TECHNOLOGY

(b) County of Residence of First Listed Plaintiff: **Collin Co., TX**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Dan A. Atkerson, 1025 Arches Park Dr., Allen, TX 75013
(214) 383-3606

Attorneys (If Known)

RECEIVED JUN - 6 2008
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 1981; 42 U.S.C. 2000e et seq.; 42 U.S.C. 12101 et seq.
Brief description of cause:
Employment discrimination based on race, color, national origin, disability, etc.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 06/05/2008
SIGNATURE OF ATTORNEY OF RECORD: /s/ Dan A. Atkerson

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____