UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| KEDEST EMMANUEL, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3: 08-CV-00955-B |
| | § | |
| COGNIZANT TECHNOLOGY | § | |
| SOLUTIONS U.S. CORPORATION and | § | |
| COGNIZANT TECHNOLOGY | § | |
| SOLUTIONS CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Defendants' Rule 12(b)(1) Motion to Dismiss Plaintiff's Title VII Claims and Motion to Stay (doc. 5). After consideration of the Motions, the Court **DENIES** the Motion to Dismiss without prejudice and **DENIES** the Motion to Stay.

Defendants move to dismiss Emmanuel's complaint because the EEOC issued a right to sue letter the same day the claim was filed, without actually conducting an investigation, and Emmanuel then filed suit less than 180 days after filing the complaint with the EEOC. Defendants argue Emmanuel has failed to exhaust all administrative remedies and the Court has no jurisdiction. Defendants argue that only the EEOC can file suit within the 180 day period after a complaint is filed, citing *Equal Employment Opportunity Commission v. Hearst*, 103 F.3d 462, 466 (5th Cir. 1997). Defendants also urge the Court to follow other jurisdictions in dismissing the case because the 180 days have not passed. *See Martini v. Fed. Nat'l Mortgage Ass'n*, 178 F.3d 1336, 1346 (D.C. Cir. 1999), *cert denied*, 528 U.S. 1147 (2000) (disallowing private suits for Title VII claims prior to 180 day period).

Defendants rely on *Martini* in arguing the Court must dismiss, but, as noted by another court

in this jurisdiction, "*Martini* is not binding [], as it is authority from another circuit." *Naik v. MBNA Tech., Inc*, No. 3:03-cv-1271-L, 2004 WL 690850, at *4 (N.D. Tex. Mar. 30, 2004). If a complainant in this situation must wait until the 180 day period has passed, the complainant "would be in a Catch-22 situation for not filing within 90 days of her right to sue letter." *See* Order, *Moss v. MBNA Technology, Inc.*, No. 3:03-cv-1429-N, 2004 WL 583565 at *1 (N.D. Tex. Mar. 24, 2004) (Godbey, J.); *see also Naik*, 2004 WL 690850, at *3 ("The court does not believe that a Title VII litigant's fate is so hapless that it places him between a legal Scylla and Charybdis.").

The Court acknowledges that there is a split in opinion, both at the district court and the circuit court levels, regarding whether a case where an "early" right-to-sue letter has been issued should be dismissed or stayed. *See Naik*, 2004 WL 690850, at *4 ("That the EEOC opted to dismiss Naik's charge the same day it was filed, rather than investigate it as MBNA contends, should not hinder Plaintiff from proceeding with this lawsuit."); *but see*, Order, *White v. MBNA Tech., Inc.*, No. 3:03-cv-1767-M (N.D. Tex. Mar 11, 2004) (Lynn, J.) (staying the case 190 days "to allow the EEOC to investigate Plaintiff's charge as envisioned by the title VII statutory scheme."). However, the Court finds the reasoning in *Naik* to be persuasive. *See Naik*, 2004 WL 690850, at *4. Imposing a stay on cases where an "early" right-to-sue letter is issued by the EEOC simply "encourages the EEOC to hold charges in limbo" and doesn't acknowledge the fact that "the EEOC is overburdened with pending cases and lacks the resources to investigate all of those cases within the 180 day period." *See McGrath v. Nassau Health Care Corp.*, 217 F.Supp.2d 319, 327 (E.D.N.Y. 2002). By issuing the right-to-sue letter before the 180 day period, the EEOC waives its exclusive jurisdiction and, therefore, the claimant is not barred from proceeding with its claim in federal court. *See id.* at 326. The Court holds that Emmanuel is not barred from filing suit within 180 days of filing the initial charge of discrimination once the EEOC has issued the right-to-sue letter. *See Naik*, WL 690850, at *4 ("The Court expressly holds that a person may file a Title VII action within 180 days

after filing the initial charge of discrimination with the EEOC if the EEOC has dismissed the person's charge and issued him or her a right-to-sue letter.").

Accordingly, the Court **DENIES** the Motion to Dismiss and **DENIES** the Motion for Stay. Defendants are **INSTRUCTED** to file their responsive pleadings **within ten days of this Order.**

SO ORDERED.

SIGNED  November 4, 2008

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE